UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

ANTONIO MARTINEZ,

              Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER BLAIR DEININGER,
SHIELD #28667, MICHAEL NOVELLINO,
AND POLICE OFFICER "JOHN DOE",
EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

              Defendants.

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

14 CV 1640 (SHS)

---------------------------------------------------------X

1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of New York County, New York City in New York State.

4. At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about October 30, 2012, at approximately 12:30 A.M., plaintiff was

walking in the vicinity of Penn Plaza in Manhattan.

10. Hurricane Sandy had made landfall earlier that evening and the rain and wind were buffeting the city.

11. Plaintiff, an avid photographer, was taking pictures of the scene near Madison Square Garden on 7th Avenue and 32nd Street when he noticed that the traffic lights were out.

12. As plaintiff walked south on 7th Avenue from 34th Street, he observed a police car parked in the intersection of 7th Avenue and 32nd Street with its turret lights on.

13. Plaintiff approached the police car to ask if it was okay for him to continue south on 7th Avenue.

14. Plaintiff got to within one foot of the driver's side door and waved to the officer inside to get his attention. The driver ignored plaintiff.

15. Plaintiff gave up and began walking southbound when he heard a scream.

16. Plaintiff turned to see a uniformed officer running towards him screaming, "Can't you follow instructions?"

17. Plaintiff replied that he did not understand what the officer was talking about.

18. The officer then proceeded to search plaintiff, asking him if he was drunk or on drugs. The officer also asked if he had anything dangerous on him.

19. Plaintiff stated no to all these questions, and asked the officers to leave him alone.

20. Instead, the officers proceeded to throw plaintiff to the ground, and without legal justification began to kick him, and also stepped on his hand.

21. One officer threatened to break every bone in his body if he didn't shut up.

22. During this unprovoked assault the officers dislocated his shoulder and also inflicted pain to the rest of his body.

23. Plaintiff was arrested and charged with Obstruction of Governmental Administration and Resisting Arrest.

Plaintiff spent approximately 80 hours in jail before being released by the judge at arraignment.

24. On November 13, 2013, after more than a year's worth of court appearances, all criminal charges were dismissed against plaintiff.

25. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

26. Defendant City knew or should have known that prior to May 24, 2004, of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

27. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

28. On December 14, 2012, and on November 15, 2013 Notices of Claim were served

upon the Defendant New York City, setting forth:

      a)     The name and post office address of the Claimant and his attorney;
      b)     The nature of the claim;
      c)     The time when, the place where, and the manner in which the claim arose;
      d)     The items of damages and injuries sustained so far as practicable.

29. The Notice of Claim was served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

30. Plaintiff's 50-H deposition was conducted on March 4, 2010.

31. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

32. This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

33. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

### FOR A FIRST CAUSE OF ACTION FOR
### VIOLATION OF CIVIL RIGHTS
### (FALSE ARREST)

34. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

35. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

36. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

37. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION
## FOR   VIOLATION   OF   CIVIL   RIGHTS
## (EXCESSIVE FORCE)

38. Plaintiff reiterates and realleges the facts stated in paragraphs 1-43 as if stated fully herein.

39. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

40. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

41. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

42. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVILRIGHTS
### (MONELL CLAIM)

43. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

44. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

45. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## FOURTH CAUSE OF ACTION FOR
## VIOLATION OF STATE LAW: FALSE ARREST

46. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

47. Plaintiff while lawfully in Brooklyn, New York, was seized and falsely arrested and imprisoned without just cause, provocation, probable cause, or any valid reason, by agents, servants and/or employees.

48. These Defendant were employed by the Defendants City, and was acting within the scope of their employment, "under color of law", and on behalf of their employers, Defendant City.

49. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the

damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## ABUSE OF PROCESS AND MALICIOUS PROSECUTION

50.   Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

51.   In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

52.   As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court.  On or about November 25, 2009, plaintiff was acquitted of all charges.

53.   As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid.  All Defendants are liable for said damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION

($1,000,000.00) Dollars; and,

    4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       March 6, 2014

                                            RESPECTFULLY,

                                            STEVEN A. HOFFNER, ESQ.
                                            Attorney for the Plaintiff
                                            325 Broadway, Suite 505
                                            New York, New York 10007
                                            Tel:   (212) 941-8330
                                            Fax:   (212) 941-8137
                                            (SH-0585)

## **VERIFICATION**

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
       March 6, 2014

_____
STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ANTONIO MARTINEZ,

                                           VERIFIED COMPLAINT
        Plaintiff,                     AND DEMAND FOR
                                           A JURY TRIAL

    -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER BLAIR DEININGER,
SHIELD #28667, MICHAEL NOVELLINO,
AND POLICE OFFICER "JOHN DOE",
EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

                  Defendants.

-----------------------------------------------------------X

       STEVEN A. HOFFNER, ESQ.
       Attorney for the Plaintiff
       325 Broadway, Suite 505
       New York, New York 10007
       Tel:    (212) 941-8330
       Fax:   (212) 941-8137

11